JAMES K. BURNHAM *et al.*, *Partners as Burnham, Hanna, Munger & Co.*, v. W. T. LUTZ, JAMES FINNIGAN, AND FRANK A. LUTZ, *et al.*

### No. 326.*

1. FRAUD—*Perpetrators Liable.* Where parties are induced to part with their property through misrepresentation and fraud, the ones who perpetrated said fraud are responsible to the party injured for the damages thereby sustained.

2. EVIDENCE—*Existence of Partnership.* Where the existence of a partnership at a particular time is alleged and denied by the pleadings, and said fact has an important bearing on the main issues in the case, it is reversible error to refuse to allow proof of said allegation.

3. ———— *Organization of Corporation — Good Faith.* Where the question of the *bona fides* of the organization of a pretended corporation is one of the main issues in a case, it is reversible error for the court to refuse to allow the plaintiff to prove his allegations of fraud in relation thereto.

4. ———— *Stock and Stockholders — Fraudulent Issue.* The admission that certain shares of stock were issued and accepted by the stockholders does not preclude a person who is attacking the *bona fides* of the transaction from showing that they were issued without consideration, and that said issue was part of a prearranged plan to defraud persons with whom they had dealings.

Error from Mitchell district court; CYRUS HEREN, judge. Opinion filed November 16, 1898. Reversed.

*Ellis, Reed, Cook & Ellis,* for plaintiffs in error.

*A. H. Ellis,* and *F. T. Burnham,* for defendant in error James Finnigan.

*I. D. Young,* for defendant in error Frank A. Lutz.

The opinion of the court was delivered by

WELLS, J.: The plaintiffs in error, plaintiffs below, began this action in the district court of Mitchell

*Petition for order to certify denied by supreme court January 7, 1899.—REP.

county by filing a petition alleging, substantially:
(1) The partnership of the plaintiffs; (2) that at and
prior to January 24, 1895, defendants W. T. Lutz and
James Finnigan were engaged as partners in a mer-
cantile business at Glen Elder and were indebted in
large sums of money, and for the purpose of shifting
their indebtedness and relieving themselves of per-
sonal liability they entered into an agreement with
the other defendants under which a corporation was
pretended to be formed and a charter prepared and
filed; that on February 12, 1895, said defendants, as
trustees of said corporation, elected W. T. Lutz presi-
dent and secretary, J. A. Stinson vice-president, and
E. D. Harn treasurer, and no other steps were taken
to complete the organization or provide for its capital
stock; that about September 11, 1895, to carry out
said conspiracy, said W. T. Lutz, as president, for and
on behalf of the other defendants, represented that
said corporation had been legally organized, with a
capital stock of $9000, all subscribed and paid, and
had assets of over $17,000 above debts and liabilities;
that plaintiffs, relying on said representation, sold
them goods to the amount of $1887, and afterward, on
further misrepresentation of solvency, the payment of
this debt was extended to February 1, 1896, and notes
accepted therefor; that said company was never in-
corporated, had no capital stock, and was insolvent;
and plaintiffs prayed judgment against defendants for
the amount of said debt.

To this petition the defendant James Finnigan
filed his separate answer, in substance as follows: (1)
A general denial; (2) alleging that the defendant
W. T. Lutz owed him $9000 and interest for money
loaned him, and that the same had been assumed by
the New York Store Company, the name of the pre-

tended corporation referred to in the petition; (3) alleging the formation of the corporation, the subscription of stock, the sale of the stock taken by him, and the publication of notice of the opening of books for subscription to the stock as required by law; (4) that said corporation transacted business from the 1st day of February, 1895, until the 31st day of December, 1895, and as such purchased goods of the plaintiffs solely on the credit of said corporation, and that said plaintiffs knew this answering defendant was in no way interested therein; (5) that said plaintiffs accepted notes of said corporation for their debts. This answer was verified.

The other defendants answered under oath, in substance as follows: (1) A general denial; (2) alleging the formation of the corporation, the subscription in good faith of twenty-six shares of $100 each to its capital stock and that the same were paid for and issued; that officers were duly elected and by-laws and rules adopted, the sale of the stock held by Finnigan, and publication made of a notice for subscription to the stock; (3) alleging that said corporation transacted a large mercantile business from February 12 to December 31, 1895, and as such bought of the plaintiffs goods as sued for; the acceptance by plaintiff of the corporation's notes therefor; and that said goods were sold and credit extended solely to said corporation, and that plaintiffs well knew defendants were not partners but only stockholders in said store.

To these answers the plaintiffs filed a verified general denial of all new matter, and on these issues the case was called for trial to the court and jury. At the close of the plaintiffs' evidence a demurrer was interposed by the defendants and sustained by the court to the sufficiency of the evidence. A judgment

was rendered for the defendants, and the case is brought here for review.

The first complaint is on the exclusion of certain evidence offered by the plaintiffs tending to show a partnership existing between W. T. Lutz and James Finnigan prior to January 19, 1895. This partnership was pleaded by the plaintiffs and denied by the defendants, and was a question at issue, and such question was a proper subject for proof, as it might have a material bearing on the main issues in the case.

The next allegation of error is in the refusal to permit plaintiffs to introduce evidence offered, as follows:

By Mr. Ellis: "I now offer to show that, while twenty-six shares of the stock of the New York Store Company were issued, none of such shares were ever paid for by the parties to whom such shares were issued, and that there was never any intention or agreement that such shares should be paid for, and that no other shares were ever subscribed for or issued. In other words, I offer to show that there was no stock subscribed or issued in good faith."

By Mr. Burnham: "We object to the evidence as incompetent, irrelevant, and immaterial."

By the court: "It having been admitted that twenty-six shares of stock of the proposed corporation were actually issued to and accepted by a sufficient number of persons to supply a board of directors, I think there was an organization of the corporation sufficient to permit it to do business, and it becomes immaterial whether the parties who received such stock ever paid for same, or whether any other shares of stock were ever issued or subscribed. Having accepted the certificates of stock, it is immaterial whether they previously subscribed, and it is also immaterial whether they paid for same; for if they have not paid for the stock, then in a proper action they would still be liable for the amount. Objection sustained."

This is reversible error. If such be the law, cases

can be easily imagined where the only person connected with a corporation from whom anything could be collected or on whose faith and credit any trust could be reposed either had no stock at all, or so small an amount as to be comparatively worthless, and the first principle of equity is that it will not suffer a wrong to be without a remedy. We think that the law which should govern this case is that where a party is induced to part with his property through the fraud and misrepresentation of others, all the parties who engaged in the perpetration of such fraud and misrepresentation are responsible for the damages sustained thereby. We know no guise under which a party can, by the perpetration of a fraud, obtain others' property without any legal liability therefor.

The judgment of the court below will be reversed, and a new trial directed.